**ORIGINAL**

**McDERMOTT WILL & EMERY LLP**
1
DAN CHAMMAS (SBN 204825)
2   dchammas@mwe.com
JENNIFER C. FERCOVICH (SBN 235002)
3   jfercovich@mwe.com
NOAH STEINSAPIR (SBN 252715)
4   nsteinsapir@mwe.com
2049 Century Park East, 38th Floor
5   Los Angeles, CA 90067-3218
Telephone: 310.277.4110
6   Facsimile: 310.277.4730

7   Attorneys for Defendant
CPI CORP.
8

FILED

2008 APR -3 PM 2: 09

SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

9          UNITED STATES DISTRICT COURT

10        SOUTHERN DISTRICT OF CALIFORNIA    **BY FAX**

11

12   SHEILA M. FISAK,                CASE NO.  '08 CV 0612 W LSP

13              Plaintiff,           NOTICE OF REMOVAL
                                     28 U.S.C. § 1441 [DIVERSITY]
14        v.
                                     [San Diego Superior Court Case No. 32-
15   CPI CORPORATION, a Missouri     2008-00076439-CU-MC-CTL]
     corporation, dba SEARS PORTRAIT
16   STUDIO; and DOES 1 through 20,
     inclusive,
17
              Defendants.
18

19

20        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and

22   1446, defendant CPI CORP. ("CPI") hereby removes the above-captioned action,

23   presently pending in the Superior Court of the State of California for the County of

24   San Diego, as Case No. 37-2008-00076439-CU-MC-CTL, to the United States

25   District Court for the Southern District of California. As grounds for removal to

26   this Court, CPI states as follows:

27                    **FACTUAL BACKGROUND**

28        1.    On January 23, 2008, plaintiff Sheila M. Fisak ("Plaintiff") filed this

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

LAS99 1545799-1.020242.0013

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1   action, in the Superior Court of the State of California for the County of San Diego,

2   entitled <u>Fisak v. CPI Corporation</u>, Case No. 37-2008-00076439-CU-MC-CTL. A

3   true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

4       2.    True and correct copies of all documents filed in the state court action,

5   included but not limited to, copies of the Civil Cover Sheets, Summonses, or other

6   evidence of service, and CPI's answer are attached hereto as Exhibit B.

7       3.    On March 4, 2008, Plaintiff served a copy of the Complaint and

8   summons on CPI via U.S. mail. This Notice of Removal is timely under 28 U.S.C.

9   § 1446(b) because it is filed less than one year from the commencement of this

10  action and within 30 days after any defendant was served with a copy of the

11  Complaint and corresponding summons.

12      4.    This Court is the appropriate court to which the action must be

13  removed because it is part of the "district and division embracing the place where"

14  Plaintiff filed this action in San Diego, California. 28 U.S.C. § 1446(a).

15      5.    A copy of this Notice of Removal will be filed contemporaneously

16  with the Clerk of the Superior Court of the State of California for the County of San

17  Diego, and will be served contemporaneously on all counsel of record, as required

18  by 28 U.S.C. § 1446(d).

19                    **JURISDICTION**

20      6.    A federal court has "original jurisdiction of all civil actions where the

21  matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

22  costs, and is between citizens of different states." 28 U.S.C. 1332(a). "[A]ny civil

23  action brought in a State Court of which the district courts of the United States have

24  original jurisdiction, may be removed by the defendant." 28 U.S.C. 1441(a).

25  Therefore, a state court action may be removed if the action (1) is between citizens

26  of different states, and (2) the matter in controversy exceeds the sum of $75,000,

27  exclusive of interests and costs. Each of these two requirements is met.

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

**Requirement No. 1:  Plaintiff is a Citizen of a State Different than CPI.**

7.    Plaintiff is a citizen of the state of California.  (Compl. at ¶ 6.)

8.    CPI is not a citizen of the state of California.  CPI is organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Missouri.  Accordingly, CPI is a citizen of Delaware and Missouri for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

9.    The supposed defendants named as "DOES 1 through 20, inclusive" are sued under fictitious names whose alleged citizenship is to be disregarded.  28 U.S.C. § 1444.

10.    The other named defendant, Sears Portrait Studios, is not a separate entity, but rather is a DBA of CPI.

11.    The diversity requirement, therefore, is satisfied.

**Requirement No. 2:  The Amount in Controversy Exceeds $75,000.**

12.    Where it is not "facially apparent from the complaint that the jurisdictional amount is in controversy [and] a court is forced to look beyond the complaint to determine whether the suit meets the jurisdictional requirements," then a removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met.  Lowdermilk v. United States Bank Nat'l Assoc., 479 F.3d 994, 999 (9th Cir. 2007).  "The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything."  Brill v. Countryside Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005).  **"The question is not what damages the plaintiff will recover, but what the amount is 'in controversy' between the parties."**  That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.")  Id. at 449. (emphasis added).

13.    Plaintiff's Complaint does not specify a monetary demand.  Therefore,

1   Defendant's burden is to demonstrate by a preponderance of the evidence that

2   Plaintiff is demanding in excess of $75,000.

3          14.    Plaintiff's causes of action include: failure to provide overtime wages

4   (first cause of action), failure to provide meal periods (second cause of action),

5   failure to provide rest periods (third cause of action), knowing and intentional

6   failure to comply with itemized employee wage statement provisions (fourth cause

7   of action), violations of the unfair competition law (fifth cause of action), retaliation

8   (sixth cause of action) and breach of contract (seventh cause of action).  Plaintiff

9   seeks the following forms of monetary relief for these alleged claims: unpaid wages

10  (at straight time, overtime, and double time rates) (Compl. Prayer for Relief at ¶ 2,

11  Compl. at ¶ 16), waiting time penalties under California Labor Code § 203 (Compl.

12  at ¶ 8; see also Compl. at ¶ 38), wages for missed lunch periods (Compl. Prayer for

13  Relief at  ¶ 3), wages for missed rest periods (Id. at  ¶ 4), California Labor Code

14  § 558 penalties (Id. at  ¶ 5), restitution for unlawful and unfair competition (Id. at

15  ¶ 7), general, incidental and other economic damages, including loss of earnings,

16  loss of benefits, deferred compensation and other employment benefits (Id. at

17  ¶¶ 11-12), punitive damages (Id. at  ¶ 14), and attorneys' fees (Id. at  ¶ 9).

18         15.    CPI can demonstrate, by a preponderance of the evidence, that

19  Plaintiff demands in excess of $75,000 in her Complaint.  First, CPI will consider

20  the monetary demand that is fixed, certain, and capable of mathematical

21  computation.

22                 a.     **Overtime Penalties**.

23                 i.      In the first cause of action, Plaintiff seeks overtime

24  "underpayment penalties under Labor Code § 558" associated with her allegation

25  that CPI required her "to work overtime without lawful compensation…[d]uring all

26  relevant times alleged herein."  (Id. at ¶¶ 17 and 23.)  The penalties for such a

27  violation are fifty dollars ($50) for the initial violation for each pay period for

28  which the employee was underpaid and one hundred dollars ($100) for each

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1  subsequent violation for each pay period in which the employee was underpaid.

2  Cal. Lab. Code § 558.

3          ii.     CPI employees are paid every week. When the number of

4  pay periods during the four year relevant time period is considered, this cause of

5  action is demanding $15,450. This sum is arrived at by performing the following

6  analysis: taking 155 weeks (the number of weeks itemized wage statements were

7  issued between January 23, 2004 (four years before the filing of the Complaint) and

8  January 12, 2007 (Plaintiff's termination date)), adding $50 for the initial pay

9  period violation, and $100 for each subsequent pay period violation. When all of

10  these sums are added together, the resulting figure is $15,450.

11         **b.**    **Meal Breaks Wages Under Section 226.7.**

12          i.     In the second cause of action, Plaintiff alleges that CPI

13  "required plaintiff to work…without being given a 30-minute meal period for shifts

14  of at least five hours and second 30-minute meal periods for shifts of at least ten

15  hours." (Compl. at ¶ 18.) Plaintiff alleges that she "is entitled to an hour of pay for

16  each day that defendants failed to properly provide one or more meal periods." (Id.

17  at ¶ 26.) Plaintiff seeks "payment of all meal period compensation which she is

18  owed beginning four (4) years prior to the filing of this complaint." (Id.) Plaintiff

19  alleges that this failure to provide meal periods occurred "[d]uring all relevant times

20  alleged herein." (Id. at ¶ 18.)

21          ii.    When the duration of Plaintiff's employment during this

22  four year period is considered, this cause of action is demanding at least $9,416.25.

23  This sum is arrived at by performing the following analysis: taking the number of

24  days during a work week (5), multiplying by the number of weeks between January

25  23, 2004 to January 12, 2007 (155), multiplying by Plaintiff's last hourly rate of

26  $12.15 (representing one hour of pay allegedly owed), and multiplying by the

27  number of penalties for alleged missed lunch break(s) per day (1). When all of

28

LAS99 1545799-1.020242.0013

- 5 -

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

1    these sums are added together, the resulting figure is $9,416.25.[1]

2            c.    **Rest Breaks Wages under Labor Code Section 226.7.**

3            i.    In the third cause of action, Plaintiff alleges that CPI

4    "required plaintiff to work without being given paid ten minute rest periods for

5    every four hours." (Compl. at ¶ 18.) Plaintiff alleges that that she "is entitled to an

6    hour of pay for each day that defendants failed to properly provide one or more rest

7    periods." (Id. at ¶ 29.) Plaintiff seeks "payment of all rest period compensation

8    which she is owed beginning four (4) years prior to the filing of this complaint."

9    (Id.) Plaintiff alleges that this failure to provide rest periods occurred "[d]uring all

10   relevant times alleged herein." (Id. at ¶ 18.)

11           ii.    When the duration of Plaintiff's employment during this

12   four year period is considered, this cause of action is demanding at least

13   $18,832.50. This sum is arrived at by performing the following analysis:  taking

14   the number of days during a work week in which Plaintiff would work an 8-hour

15   shift (5), multiplying by the number of weeks between January 23, 2004 to January

16   12, 2007 (155), multiplying by Plaintiff's last hourly rate of $12.15 (representing

17   one hour of pay allegedly owed), and then multiplying by the number of penalties

18   for alleged missed rest breaks per day (2).  When all of these sums are added

19   together, the resulting figure is $18,832.50.

20           d.    **Wage Statement Penalties.**

21           i.    In the fourth cause of action, Plaintiff demands civil

22   penalties pursuant to section 226 of the California Labor Code.  (Compl. at ¶ 33.)

23   Plaintiff predicates this demand upon CPI's alleged failure to provide accurate

---

24   [1] Plaintiff alleges that CPI "required plaintiff to work...without being given a 30-
25   minute meal period for shifts of at least five hours and **second 30-minute meal
     periods for shifts of at least ten hours**." (Compl. at ¶ 18.) (emphasis added.) To
     simplify the above calculation, Defendant only calculated one alleged meal break
26   per day. However, it is clear from Plaintiff's Complaint that she is alleging that
     there have been one or more instances where she was entitled to a second meal
27   period per day.  Therefore, this figure would be even greater if the second alleged
     meal period were factored into the calculation during the four year relevant time
28   period.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1    wage statements, and failure to comply with section 226 "on each and every wage

2    statement provided to plaintiff." (Compl. at ¶ 32.) The penalties for such a

3    violation are "fifty dollars ($50) for the initial pay period in which a violation

4    occurs and one hundred dollars ($100) per employee for each violation in a

5    subsequent pay period, not exceeding an aggregate penalty of four thousand dollars

6    ($4,000)." Cal. Lab. Code § 226(e).

7                    ii.    CPI employees are paid every week. When the number of

8    pay periods during the four year relevant time period is considered, this cause of

9    action is demanding $4,000. This sum is arrived at by performing the following

10   analysis: taking 155 weeks (the number of weeks itemized wage statements were

11   issued between January 23, 2004 (four years before the filing of the Complaint) and

12   January 12, 2007 (Plaintiff's termination date)), and adding $50 for the initial pay

13   period and $100 for each subsequent pay period, not to exceed $4,000. Therefore,

14   the resulting figure is $4,000.

15            e.    **Waiting Time Penalties.**

16                    i.    Plaintiff seeks to recover waiting time penalties under

17   California Labor Code section 203 for CPI's alleged failure to pay wages to

18   Plaintiff in full upon her separation from the company. (Compl. at ¶ 8; see also

19   Compl. at ¶ 38[2].) This section provides that where an employer willfully fails to

20   pay any wages of an employee whose employment has been terminated then "the

21   wages of the employee shall continue as a penalty from the due date thereof at the

22   same rate until paid," but for no more than 30 days. Cal. Lab. Code § 203. In other

23   words, a former employee who is owed wages by his former employer may demand

24   30 days wages under section 203.

25                    ii.    The last hourly rate for Plaintiff was $12.15 per hour.

26   Therefore, this cause of action is alleging waiting time penalties in the amount of

27   _____

28   [2] Paragraph 38 of the Complaint references Labor Code §§ 201 and 202. The relief under these statutes includes recovery for waiting time penalties under section 203.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1    $2,916 ($12.15 last hourly rate x 8 hours x 30 days.) See Mamika v. Barca, 68 Cal.

2    App. 4th 487, 492-93 (1998) (penalties accrue for 30 calendar days, not work days).

3        **f.    Breach of Contract.**

4            i.    In the seventh cause of action, Plaintiff alleges that she

5    entered into an oral employment agreement "whereby defendants agreed that

6    plaintiff would not be demoted, reprimanded, discharged, or otherwise disciplined

7    except for good cause." (Compl. at ¶ 46.) Plaintiff alleges that "defendants

8    breached their agreement with plaintiff by subjecting plaintiff to arbitrary and

9    unfair evaluations, hostile working conditions, and retaliation." (Id. at ¶ 49.)

10            ii.    Backpay is the ordinary measure of damages for alleged

11    breach of an employment contract. Cory v. Poway Unified School District,

12    147 Cal. App. 3d 1158, 1167 (1983). Therefore, this cause of action is demanding

13    at least $25,758. This sum is arrived at by performing the following analysis:

14    taking Plaintiff's last hourly rate of $12.15, multiplying by 40 hours per week, and

15    then multiplying by 53 weeks (number of weeks from January 12, 2007 (Plaintiff's

16    termination date) and January 23, 2008 (the filing date of Plaintiff's Complaint)).

17    When all of these sums are added together, the resulting figure is $25,758 in

18    backpay.

19        16.    The amount in controversy requirement, therefore, is satisfied. CPI

20    has carefully and methodically determined that Plaintiff has asserted claims that put

21    at least $76,372.75 at stake in this litigation. CPI did not speculate in order to reach

22    these figures, but rather arrived at them only after carefully considering its payroll

23    and time records. This showing establishes, by a preponderance of the evidence —

24    not that if Plaintiff establishes liability then she will recover over $75,000 — but

25    rather that Plaintiff has put at stake, put in controversy, and demanded over

26    $75,000. This was CPI's burden upon removal. Any uncertainties or reductions to

27    these figures that result in a dip below $75,000 are easily overcome and restored

28    when Plaintiff's demand for overtime, retaliation, punitive damages, and attorneys'

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1    fees are considered, as set forth below.

2          a.    **Overtime.**

3                i.    In the first cause of action, Plaintiff alleges that she

4    **"primarily performed hourly retail work in excess** of the maximum regular rate

5    hours set by the [Industrial Welfare Commission (IWC) Wage Orders, including

6    Wage Order 7-2000, 7-2001], regulations or statutes." (Compl. at ¶ 16.) (emphasis

7    added.) Plaintiff seeks "payment of all overtime compensation which she earned

8    and accrued after four (4) years prior to the filing of this complaint." (Id. at ¶ 23.)

9    Plaintiff alleges that CPI required Plaintiff "to work overtime without lawful

10   compensation" "[d]uring all relevant times alleged herein." (Id. at ¶ 17.)

11               ii.    When the duration of Plaintiff's employment during this

12   four year period is considered, this cause of action is likely demanding at least

13   $28,248.75.  This sum is arrived at by performing the following analysis:

14   As discussed, supra, Plaintiff alleges that she "primarily performed hourly retail

15   work in excess of the maximum regular hours..." and that CPI required her to work

16   overtime "[d]uring all relevant times alleged herein." (Compl. ¶¶ 16-17.) Based on

17   these allegations, it is reasonable to conclude that Plaintiff's alleged overtime work

18   was routine and daily.  Therefore, it is reasonable to conclude that she seeks 10

19   hours of overtime per week (which is 2 hours of overtime per day), multiplied by

20   155 weeks (the number of weeks between January 23, 2004 (four years before the

21   filing of the Complaint) and January 12, 2007 (Plaintiff's termination date)),

22   multiplied by $18.225 (Plaintiff's last hourly time and a half rate).  When all of

23   these sums are added together, the resulting figure is $28,248.75.[3]

24

25   [3] Plaintiff has alleged that she "is entitled to overtime compensation at time and a
half rate, and when applicable, double time rates." (Compl. at ¶ 16.)  To simplify
26   the above calculation, a time and a half overtime rate was used.  It is noteworthy
that this figure would be even greater if the double time rate were used in at least
27   part of the calculation.  Plaintiff has alleged that double time rate should be used
**"when** applicable" not **"if** applicable," which indicates there as at least one or more
28   instances where she is demanding double time rates for alleged overtime worked
during the four year relevant time period.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

**b.    Retaliation.**

i.    In the sixth cause of action, Plaintiff alleges that CPI "demoted plaintiff [] "from her position as 'Assistant Manager,' denied plaintiff employment promotion, denied plaintiff a transfer, and denied plaintiff reasonable accommodations following her on-the-job injury and related symptoms, all in retaliation for plaintiff's complaints regarding defendants' wrongful, illegal and fraudulent activities alleged herein." (Compl. at ¶ 42.) As relief for this claim, Plaintiff seeks (1) compensatory damages for lost wages, "deferred compensation and other employment benefits, attorney and paralegal fees," and "embarrassment, humiliation and mental anguish" (Id. at ¶ 43.); and (2) punitive damages. (Id. at ¶ 44.)

ii.    Compensatory Damages. Although it is unclear how much in compensatory damages Plaintiff is demanding for her retaliation claim, a jury in the same locale in which Plaintiff filed her Complaint (Superior Court, County of San Diego) recently awarded $2,196,935 in compensatory damages in a case with similar employment claims, including retaliation. (See 2007 Mealey's Jury Verdicts & Settlements 1616, in the case of Czarnik v. Illumina, Inc., Case No. GIC763972, attached hereto as Exhibit C.) A plaintiff in another action in the same locale was recently awarded $300,000 in damages for his claims involving retaliation, including alleged failure to promote and alleged failure to accommodate a disability. (See 2007 Mealey's Jury Verdicts & Settlements 1616, in the case of Jacobs v. Chertoff, Case No. 3:05-cv-0821-H-NLS, attached hereto as Exhibit D.) The above-referenced claims in Jacobs v. Chertoff are almost identical to the retaliation allegations Plaintiff has asserted. (Compl. at ¶ 42.) These verdicts demonstrate that compensatory awards in similar cases in the same locale have run from hundreds of thousands into the millions, which certainly buttresses and reinforces the fact that the Complaint puts over $75,000 at stake.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

iii.   <u>Punitive Damages.</u>

(1)   "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered [citations] unless it is apparent to a legal certainty that such cannot be recovered." <u>Holley Equipment Co. v. Credit Alliance Corp.</u>, 821 F.2d 1531, 1535 (11th Cir. 1987); <u>see also</u> <u>Federal Civil Procedure Before Trial</u>, William W. Schwarzer, The Rutter Group, 2:664a (2007) (stating that defendant can use punitive/exemplary damages to demonstrate the amount in controversy).

(2)   As explained above, Plaintiff's demand for compensatory damages for her retaliation claim likely ranges between hundreds of thousands and millions of dollars. Even assuming her demand is as low as $50,000, the allegations of "conduct [that] was despicable and carried out [with] willful and conscious disregard," and "conduct constitut[ing] malice, oppression, and fraud" (Complaint, ¶ 44) likely demand a ratio of punitive damages to compensatory damages ranging from 1:1 ($50,000) to 4:1 ($200,000) to 7:1 ($350,000), to 9:1 ($450,000). See <u>Zhang v. Am. Gem Seafoods, Inc.</u>, 339 F.3d 1020, 1044 (9th Cir. 2003) (seven to one ratio upheld in intentional discrimination case where compensatory damages are $360,000); <u>Bains LLC v. ARCO Prods. Co.</u>, 405 F.3d 764, 776 (9th Cir. 2005) (remanding for district court to set a ratio between 6:1 and 9:1 for intentional racism where compensatory damages are $50,000); <u>Zimmerman v. Direct Fed. Credit Union</u>, 262 F.3d 70, 82 (1st Cir. 2001) (ratio of 4:1 where compensatory damages were $130,000 for retaliation claim proper); <u>see also</u> <u>Czarnik v. Illumina, Inc.</u>, Case No. GIC763972 (discussed <u>supra</u>) (ratio of 1:1 where compensatory damages were $2,196,935 in a case with retaliation claim in the same locale) (<u>See</u> Exhibit C).

(3)   As stated above, Plaintiff seeks punitive/exemplary damages for her alleged retaliation claim. (Compl. ¶ 44, Prayer for Relief ¶ 14.) Although it is unclear how much in punitive damages Plaintiff is demanding, at a

1    minimum, she has put at stake over the jurisdictional minimum of $75,000.

2         c.    **Attorneys' Fees**.

3              i.    "Attorneys' fees may be included in the amount in

4    controversy if recoverable by statute or contract." <u>Simmons v. PCR Technology</u>,

5    209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). "The Ninth Circuit clearly considers

6    attorneys' fees when assessing amount in controversy." <u>Id.</u> "[T]he Ninth Circuit

7    must have anticipated that district courts would project fees beyond removal. The

8    court determines the amount in controversy based on the damages that can

9    reasonably be anticipated at the time of removal." <u>Id.</u> at 1034-35. "[T]he measure

10   of fees should be the amount that can be reasonably anticipated at the time of

11   removal, not merely those already incurred." <u>Id.</u> at 1035. Here, Plaintiff demands

12   attorneys' fees pursuant to statute, including but not limited to Labor Code § 1194

13   and Code of Civil Procedure § 1021.5. (Compl. Prayer for Relief at ¶ 9.)

14              ii.    Although it is unclear how much in attorneys' fees

15   Plaintiff may recover, the <u>Czarnik v. Illumina, Inc.</u> and <u>Jacobs v. Chertoff</u> verdicts,

16   discussed <u>supra</u>, demonstrate that plaintiffs have been awarded between $300,000

17   and $325,000 in similar cases in the same locale (Superior Court, County of San

18   Diego), respectively. (<u>See</u> Exhibits C-D.) Plaintiff's Complaint includes more

19   claims than those considered by the juries in either <u>Czarnik</u> and <u>Jacobs</u>, including

20   but not limited to CPI's alleged failure to pay overtime, failure to provide meal

21   breaks and failure to provide rest breaks. Therefore, the $300,000 to $325,000

22   attorneys' fees award in the those cases is a low estimate compared to what Plaintiff

23   likely demands for attorneys' fees. These verdicts reinforce the fact that Plaintiff's

24   Complaint seeks damages well beyond $75,000.

25        **WHEREFORE**, defendant respectfully removes this action from the

26   Superior Court of the State of California for the County of San Diego, Case No.

27   7-2008-00076439-CU-MC-CTL, to the United States District Court for the

28   Southern District of California. Defendant prays that: (1) this Court proceed in this

1    action pursuant to 28 U.S.C. § 1447, as if this action had been originally been filed

2    in this Court; and (2) that further proceedings in the state court action be stayed in

3    all respects.

4

5    Dated:    April 3, 2008                     **McDERMOTT WILL & EMERY**

6                                         **LLP**

7

8                           By: _____

9                               Jennifer C. Fercovich
                                 Attorneys for Defendant CPI CORP.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# EXHIBIT A

Julia E. Haus, Esq. (SBN 139130)
**JULIA E. HAUS LAW FIRM**
550 West "C" Street, Suite 620
San Diego, California 92101
Telephone: (619) 234-0081
Facsimile:  (619) 234-0709

**Attorneys for Plaintiff**

1

2

3

4

5

6

7

8                              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SAN DIEGO, CENTRAL DIVISION

10    SHEILA M. FISAK,                          )    CASE NO.: 37-2008-00076439-CU-MC-CTL

11                 Plaintiff,                   )    **COMPLAINT FOR DAMAGES;**
                                               )    **INJUNCTIVE RELIEF, AND**
12         vs.                                  )    **RESTITUTION**
                                               )
13    CPI CORPORATION, a Missouri               )    **1) Failure to pay Overtime Wages (Lab.**
      corporation, dba SEARS PORTRAIT           )    **Code, §§ 1194, 558)**
14    STUDIO; and DOES 1 through 20,            )
      inclusive,                               )    **2) Failure to Provide Meal Periods or**
15                                              )    **Compensation in Lieu Thereof (Lab.**
                   Defendants.                  )    **Code,  §§ 226.7, 512; IWC Orders; Cal.**
16                                              )    **Code Regs., Title 8, § 11070)**
                                               )
17                                              )    **3) Failure to Provide Rest Periods or**
                                               )    **Compensation in Lieu Thereof (Lab.**
18                                              )    **Code,  §§ 226.7, 512; IWC Orders; Cal.**
                                               )    **Code Regs., Title 8, § 11070)**
19                                              )
                                               )    **4) Knowing and Intentional Failure to**
20                                              )    **Comply With Itemized Employee Wage**
                                               )    **Statement Provisions (Lab. Code, §**
21                                              )    **226(b))**
                                               )
22                                              )    **5)  Violations of the Unfair Competition**
                                               )    **Law (Bus. & Prof. Code, §§ 17200-**
23                                              )    **17208)**
                                               )
24                                              )    **6) Retaliation**
                                               )
25                                              )    **7) Breach of Contract**
                                               )
26                                              )    **DEMAND FOR JURY TRIAL**

27

28         Plaintiff SHEILA M. FISAK, complains and alleges as follows:

_____

1                                              COMPLAINT FOR DAMAGES

**INTRODUCTION**

1.    This case arises out of the non-payment of overtime compensation and failure to provide rest and meal periods to certain California employees, including plaintiff SHEILA FISAK, of defendants who conduct business in the State of California. As used herein, the term "hourly" refers to Plaintiff's paid wages on an hourly basis and not paid overtime compensation by the Defendants.

2.    Plaintiff seeks compensation for work performed and monies due to her during the "Relevant Period," which is defined as four years prior to the filing of this action through the trial date, based upon information and belief that the Defendants are continuing, and will continue, their unlawful practices as described herein.

3.    Plaintiff FISAK additionally brings an individual claim against Defendants for retaliation for her complaints regarding Defendants' wrongful and illegal activities set forth herein.

**JURISDICTION AND VENUE**

4.    Venue is proper in this Judicial District and the County of San Diego because Defendants maintain offices and transact business in this county, the obligations and liability arise in this county, and work was performed by plaintiff in the County of San Diego, State of California.

5.    On information and belief, the California Superior Court has jurisdiction in this matter because plaintiff and defendants are residents of and/or domiciled in, and/or doing business in the State of California. Further, there is no federal question at issue as the issues herein are based solely on California Statutes and law including the California Labor Code, Industrial Welfare Commission Wage Orders, Code of Civil Procedure, Rules of Court, and Business and Professions Code.

**THE PARTIES**

A.    **The Plaintiff**

6.    Plaintiff SHEILA M. FISAK is a resident of the County of San Diego, State of California at all relevant times herein, was an employee of the Defendants and at other times, an employee entitled to overtime compensation, rest and meal period compensation, and penalties from the Defendants. Plaintiff SHEILA M. FISAK was employed by the Defendants as of the date four

2                                    COMPLAINT FOR DAMAGES

1    years prior to the commencement of this action and through the present in the County of San Diego.

2    She was employed by Defendants during the Representative Period in an hourly retail position as

3    an "Assistant Manager."

4    **B.    The Defendants**

5        7.    Plaintiff is informed and believes, and based thereon alleges, that CPI

6    CORPORATION is a Missouri corporation, and is and was the employer of plaintiff during the

7    Representative Period.

8        8.    Plaintiff is ignorant of the true names, capacities, relationships and extent of

9    participation in the conduct herein alleged, of the defendants sued herein as DOES 1 through 20,

10   inclusive, but on information and belief allege that said defendants are legally responsible for the

11   payment of overtime compensation, rest and meal period compensation and/or Labor Code §§ 203

12   and 558 penalties to plaintiff by virtue of their unlawful practices, and therefore sues these

13   defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and

14   capacities of the DOE Defendants when ascertained.

15       9.    Plaintiff is informed and believes, and based thereon alleges, that each defendant

16   acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint

17   scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are

18   legally attributable to the other defendants.

19                           **GENERAL ALLEGATIONS**

20       10.    California Labor Code § 1194, provides that notwithstanding any agreement to work

21   for a lesser wage, an employee receiving less than the legal overtime compensation is entitled to

22   recover in a civil action the unpaid balance of their overtime compensation, including interest

23   thereon, reasonable attorneys fees, and costs of suit.

24       11.    Further, Business and Professions Code § 17203 provides that any person who

25   engages in unfair competition may be enjoined in any court of competent jurisdiction. Business and

26   Professions Code § 17204 provides that any person who has suffered actual injury and has lost

27   money or property as a result of the unfair competition may bring an action in a court of competent

28   jurisdiction.

---

                                        3                    COMPLAINT FOR DAMAGES

1    12.    During all relevant times alleged herein, plaintiff FISAK was employed by

2  defendants and each of them, in the County of San Diego, State of California.

3    13.    Plaintiff was an hourly retail employee covered under one or more Industrial Welfare

4  Commission (IWC) Wage Orders, including Wage Order 7-2000, 7-2001 ("Wage Orders"), and

5  Labor Code § 510, and/or other applicable wage orders, regulations and statutes.

6    14.    Further, during all relevant times alleged herein, plaintiff FISAK was classified as

7  Assistant Manager and hourly retail employee from whom defendants deprived the requisite rest

8  periods and payments under Labor Code § 226.7.

9    15.    During all relevant times alleged herein, defendants were obligated to pay plaintiff

10  overtime compensation for all hours worked over eight (8) hours of work in one (1) day or forty (40)

11  hours in one week.

12    16.    Plaintiff primarily performed hourly retail work in excess of the maximum regular

13  rate hours set by the IWC in the above Wage Orders, regulations or statutes, and therefore plaintiff

14  is entitled to overtime compensation at time and a half rate, and when applicable, double time rates

15  as set forth by the above Wage Orders, regulations and/or statutes.

16    17.    During all relevant times alleged herein, defendants, and each of them, required

17  plaintiff to work overtime without lawful compensation, in violation of the various above applicable

18  Wage Orders, regulations and statutes, and the defendants willfully failed and refused, and continue

19  to fail and refuse to pay lawful overtime compensation to the plaintiff.

20    18.    During all relevant times alleged herein, defendants, and each of them, required

21  plaintiff to work without being given paid ten minute rest periods for every four hours or major

22  fraction thereof worked and without being given a 30-minute meal period for shifts of at least five

23  hours and second 30-minute meal periods for shifts of at least ten hours during which plaintiff was

24  relieved of all duties and free to leave the premises, nor did defendants pay plaintiff one hour's pay

25  at the plaintiff's regular rate of pay as premium pay compensation for failure to provide rest and/or

26  meal periods.

27    19.    Assistant Managers, Department Managers, and other similarly situated hourly retail

28  employee positions are primarily involved in customer service, selling merchandise, unloading

---

4                                          COMPLAINT FOR DAMAGES

1  merchandise from delivery trucks, restocking merchandise, and related functions. These duties

2  occupy more than 50% of the work time of plaintiff, as one of defendants' hourly retail employees.

3      20.    In the course of her employment with defendants, plaintiff made multiple complaints,

4  both written and oral, relating to defendants' wrongful, illegal and fraudulent activities.

5      21.    In bringing this action, plaintiff has exhausted any necessary administrative remedies

6  and complied with pertinent claims statutes, including the filing of complaints with the California

7  Department of Fair Employment and Housing.

8  **FIRST CAUSE OF ACTION**

9  **FAILURE TO PAY OVERTIME WAGES**

10  **(Against All Defendants)**

11      22.    Plaintiff incorporates paragraphs 1 through 21 of this Complaint as though fully set

12  forth herein.

13      23.    Plaintiff is entitled to overtime compensation for overtime work performed for

14  defendants, in an amount according to proof. Pursuant to Labor Code § 1194, plaintiff FISAK seeks

15  the payment of all overtime compensation which she earned and accrued after four (4) years prior

16  to filing of this Complaint, according to proof, as well as underpayment penalties under Labor Code

17  §558.

18      24.    Additionally, plaintiff is are entitled to attorneys' fees, and costs, pursuant to

19  California Labor Code § 1194 and prejudgment interest.

20  **SECOND CAUSE OF ACTION**

21  **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

22  **(Against All Defendants)**

23      25.    Plaintiff incorporates paragraphs 1 through 24 of this Complaint as though fully set

24  forth herein.

25      26.    Plaintiff FISAK is entitled to an hour of pay for each day that defendants failed to

26  properly provide one or more meal periods, in an amount according to proof. Pursuant to Labor

27  Code § 226.7, plaintiff  seek the payment of all meal period compensation which she is owed

28  beginning four (4) years prior to filing of this complaint, according to proof.

5

COMPLAINT FOR DAMAGES

1   27.     Additionally, plaintiff is entitled to attorneys fees, and costs, and prejudgment

2   interest.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

### (Against All Defendants)

6   28.     Plaintiff incorporates paragraphs 1 through 27 of this Complaint as though fully set

7   forth herein.

8   29.     Plaintiff is entitled to an hour of pay for each day that defendants failed to properly

9   provide one or more rest periods, in an amount according to proof. Pursuant to Labor Code § 226.7,

10  plaintiff seeks the payment of all rest period compensation which she is owed beginning four (4)

11  years prior to filing of this complaint, according to proof.

12  30.     Additionally, plaintiff is entitled to attorneys fees, and costs, and prejudgment

13  interest.

### FOURTH CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS
### (Lab. Code, § 226(b))

### (Against All Defendants)

18  31.     Plaintiff incorporates paragraphs 1 through 30 of this Complaint as though fully set

19  forth herein.

20  32.     Section 226(a) of the California Labor Code requires defendants to itemize in wage

21  statements all deductions from payment of wages and to accurately report total hours worked by

22  plaintiff. Defendants have knowingly and intentionally failed to comply with Labor Code section

23  226(a) on each and every wage statement provided to plaintiff.

24  33.     As a consequence of defendants' knowing and intentional failure to comply with

25  Labor Code section 226(a), plaintiff is entitled to damages or penalties not to exceed pursuant to

26  Labor Code section 226(b), together with interest thereon, and attorneys' fees and costs.

27

28  /////

6                                        COMPLAINT FOR DAMAGES

**FIFTH CAUSE OF ACTION**

**VIOLATION OF UNFAIR COMPETITION LAW**

**(Against All Defendants)**

34.    Plaintiff incorporates paragraphs 1 through 33 of this Complaint as if fully alleged herein.

35.    The failure to pay lawful overtime compensation and rest and meal period pay to plaintiff FISAK is an unlawful and unfair business practice within the meaning of Business and Professions Code § 17200, *et seq.*, including, but not limited to, a violation of the applicable State of California Industrial Welfare Commission Wage Orders, regulations and statutes, or is otherwise a practice which is otherwise unfair and unlawful, including that the defendants did not pay tax contributions on the accrued overtime compensation in the form of FICA, Social Security, Medicare and Unemployment Insurance.

36.    This cause of action is brought under Business and Professions Code §§ 17203 and 17204, commonly called the Unfair Competition Law. Under this cause of action and pursuant to Business and Professions Code § 17208, plaintiff FISAK seeks restitution of overtime wages and rest and meal period pay owed where such overtime wages and penalties were due plaintiff during the Class Period, commencing four (4) years prior to filing of this Complaint, according to proof.

37.    This cause of action is brought as a cumulative remedy as provided in Business and Professions Code § 17205, and is intended as an alternative remedy for restitution for plaintiff, for the relevant the time period, or any portion thereof, commencing within four (4) years prior to the filing of this Complaint, and as the primary remedy for plaintiff for the time period of the fourth year prior to the filing of this complaint, as such one year time period exceeds the statute of limitations on statutory wage claims.

38.    As a result of the defendants' unlawful and unfair business practice of failing to pay overtime and prompt payment of wages in violation of Labor Code §§ 201 and 202, plaintiff FISAK has suffered damages and is entitled to restitution in an amount according to proof.

39.    Further, plaintiffs request the violations of the defendants alleged herein be enjoined, and other equitable relief as this court deems proper including an order for requiring and furnishing

7

COMPLAINT FOR DAMAGES

1    rest and meal periods and requiring payment by the defendants of tax contributions on the accrued

2    overtime compensation in the form of FICA, Social Security, Medicare, Unemployment Insurance

3    or other appropriate payments.

### SIXTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF PUBLIC POLICY

#### (Against All Defendants)

7         40.    Plaintiff incorporates paragraphs 1 through 39 of this Complaint as if fully alleged

8    herein.

9         41.    Plaintiff opposed defendants' wrongful, illegal and fraudulent conduct by

10    complaining about, and reporting such conduct directly to her supervisor, among others.

11         42.    Thereafter, defendants, and each of them, demoted plaintiff FISAK from her position

12    as "Assistant Manager," denied plaintiff employment promotion, denied plaintiff a transfer, and

13    denied plaintiff reasonable accommodations following her on-the-job injury and related symptoms,

14    all in retaliation for plaintiff's complaints regarding defendants' wrongful, illegal and fraudulent

15    activities alleged herein.

16         43.    As a direct and proximate result of defendants' wrongful conduct, plaintiff has

17    suffered, and continues to suffer substantial losses wages, deferred compensation and other

18    employment benefits, attorney and paralegal fees, and has suffered, and continues to suffer

19    embarrassment, humiliation and mental anguish all to her damage in an amount to be proven at the

20    time of trial.

21         44.    Defendants' conduct was despicable and carried out with the willful and conscious

22    disregard for the rights of plaintiff. Defendants, and each of them, were aware of the probable

23    dangerous consequences of their conduct and willfully and deliberately failed to avoid those

24    consequences. Defendants' conduct constitutes malice, oppression and fraud such that plaintiff is

25    entitled to punitive damages under *California Civil Code § 3294* in an amount sufficient to punish

26    or set an example.

27

28    /////

---

8        COMPLAINT FOR DAMAGES

## SEVENTH CAUSE OF ACTION

### (Breach of Contract v. All Defendants)

45.    Plaintiff incorporates paragraphs 1 through 39 of this Complaint as if fully alleged herein.

46.    In or about 2001, plaintiff entered into an oral employment agreement with defendants whereby defendants agreed that plaintiff would not be demoted, reprimanded, discharged or otherwise disciplined except for good cause and with notice and an opportunity to be heard; and plaintiff would be evaluated in a fair and objective manner and afforded progressive discipline.

47.    This oral employment agreement was evidenced in various written documents, including, but not limited to defendants' personnel policies and procedure.

48.    Plaintiff FISAK duly performed all conditions, covenants and promises under the agreement to be performed on her part, and plaintiff has at all times been ready, willing and able to perform all of the conditions of the agreement to be performed by her.

49.    As a result of defendants' wrongful conduct as set forth herein, defendants breached their agreement with plaintiff by subjecting plaintiff to arbitrary and unfair evaluations, hostile working conditions, and retaliation.

50.    As a direct and proximate result of defendants' breach of contract, plaintiff has suffered, and continues to suffer substantial losses in seeking and performing substitute employment and in earnings, bonuses, deferred compensation and other employment benefits in an amount to be proven at the time of trial.

**WHEREFORE**, plaintiff SHEILA M. FISAK prays for damages against defendants, and each of them, as follows:

1.    That the Court determine that the failure of the defendants to pay overtime compensation to plaintiff be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

2.    That the defendants be ordered to pay and judgment be entered for overtime wages for plaintiff on the First Cause of Action, according to proof;

3.    That the defendants be ordered to pay and judgment be entered for meal period

1      wages on the Second Cause of Action, according to proof;

2    4.   That the defendants be ordered to pay and judgment be entered for rest period wages

3       on the Third Cause of Action, according to proof;

4    5.   That the Defendants be ordered to pay and judgment be entered for Labor Code §

5       558 penalties to plaintiff, according to proof;

6    6.   That the defendants be found to have engaged in unfair competition in violation of

7       Business and Professions Code § 17200;

8    7.   That the defendants be ordered and enjoined to pay restitution to plaintiff due to the

9       defendants' unlawful and unfair competition, including disgorgement of their

10      wrongfully obtained profits, wrongfully withheld wages according to proof, and

11      interest thereon pursuant to Business and Professions Code §§ 17203 and 17204, on

12      the Fifth Cause of Action;

13    8.   That defendants be enjoined from further acts of unfair competition and specifically

14      from failing to pay overtime compensation and failing to provide rest and meal

15      periods to class members on the Fifth Cause of Action;

16    9.   That plaintiff be awarded Attorneys fees and costs pursuant to statute, including but

17      not limited to Labor Code § 1194 and Code of Civil Procedure § 1021.5;

18   10.  Otherwise determine the appropriate remedy to compensate plaintiff as required to

19      promote fairness and justice, including but not limited to establishing procedures for

20      compensation, compensation amounts and fluid recovery if appropriate;

21   11.  For general damages, according to proof;

22   12.  For incidental and other economic damages, including loss of earnings, loss of

23      benefits, deferred compensation and other employment benefits, and attorney and

24      paralegal fees in a sum according to proof.

25   13.  For pre-judgment interest at the rate of ten percent (10%) per annum or such other

26      amount as allowed by law;

27   14.  For punitive damages in a sum according to proof on the Sixth Cause of Action; and

28   /////

---

10            COMPLAINT FOR DAMAGES

1     15.    For such other and further relief as this Court deems just and proper.

2

3    Dated: January 22, 2008                   JULIA E. HAUS LAW FIRM

4

5                              By:_____
                                JULIA E. HAUS

6                                  Attorneys for Plaintiff
                                SHEILA M. FISAK

7

8                         **DEMAND FOR JURY TRIAL**

9     Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

10   Dated: January 22, 2008                   JULIA E. HAUS LAW FIRM

11

12                              By:_____
                                  JULIA E. HAUS

13                                  Attorneys for Plaintiff
                                SHEILA M. FISAK

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   11               COMPLAINT FOR DAMAGES

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CPI CORPORATION, a Missouri corporation, dba SEARS
PORTRAIT STUDIO; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHEILA M. FISAK

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2008 JAN 23 PM 12:41

N DIEGO COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN DIEGO, CENTRAL DIVISION
330 West Broadway
San Diego, California 92101

CASE NUMBER:
*(Número del Caso):* 2008-00076439-CU-MC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Julia E. Haus, Esq.   SBN 139130      (619) 234-1100   (619) 234-0709
JULIA E. HAUS LAW FIRM
550 West "C" Street, Suite 620
San Diego, California 92101

DATE:         JAN 2 3 2008          Clerk, by   M. Scott        , Deputy
*(Fecha)*                          *(Secretario)*  M. Scott      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

[SEAL] SUPERIOR COURT SAN DIEGO COUNTY

Exhibit A
-25-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Julia E. Haus<br>JULIA E. HAUS LAW FIRM  (SBN 139130)<br>550 West "C" Street, Suite 620<br>San Diego, California  92101<br><br>TELEPHONE NO.: (619) 234-1100    FAX NO.: (619) 234-0709<br>ATTORNEY FOR (Name): Plaintiff | JUDGE 2<br><br>2008 JAN 23  PM 12: 41<br><br>N DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, California  92101
BRANCH NAME: CENTRAL DIVISION

CASE NAME:  FISAK v. CPI CORPORATION, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2008-00078439-CU-MC-CTL<br><br>JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [X] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): SEVEN (7)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: January 22, 2008
Julia E. Haus
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 (Rev. July 1, 2007) | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY AND ZIP CODE:    San Diego, CA 92101 | |
| BRANCH NAME:    Central | |
| TELEPHONE NUMBER:  (619) 685-6054 | |
| PLAINTIFF(S) / PETITIONER(S):    Shelia M Fisak | |
| DEFENDANT(S) / RESPONDENT(S):  CPI Corporation | |
| FISAK VS. CPI CORPORATION | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00076439-CU-MC-CTL |

Judge: Luis R. Vargas                                     Department: C-63

**COMPLAINT/PETITION FILED:** 01/23/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

**Exhibit A**



U.S. POSTAGE
SAN DIEGO, CA
$5.11

UNITED STATES
POSTAL SERVICE

7006 0810 0001 2503 0588

JULIA E. HAUS LAW FIRM
550 WEST "C" STREET, SUITE 620
SAN DIEGO, CALIFORNIA 92101

CPI CORPORATION
1706 Washington Avenue
St. Louis, Missouri 63103

Exhibit A
-28-

# EXHIBIT B



1  **McDERMOTT WILL & EMERY LLP**
   DAN CHAMMAS (SBN 204825)
2  JENNIFER C. FERCOVICH (SBN 235002)
   NOAH STEINSAPIR (SBN 252715)
3  2049 Century Park East, 38th Floor
   Los Angeles, CA 90067-3208
4  Telephone:   310.277.4110
   Facsimile:   310.277.4730
5
   Attorneys for Defendant
6  CPI CORP.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11  SHEILA M. FISAK                    CASE NO. 37-2008-00076439-CU-MC-
                                       CTL
12              Plaintiff,
                                       **DEFENDANT'S ANSWER TO**
13      v.                             **COMPLAINT**

14  CPI CORPORATION, a Missouri
    corporation, dba SEARS PORTRAIT    Judge: Honorable Luis R. Vargas
15  STUDIO; and DOES 1 through 20,     Department: C-63
    inclusive,                         Complaint Filed: January 23, 2008
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28
    LAS99 1544955-1.020242.0013                    -1-

                    DEFENDANT'S ANSWER TO COMPLAINT

1     Defendant CPI CORP. ("Defendant" or "CPI") hereby answers, for itself and no

2    others, the unverified complaint ("Complaint") of plaintiff Sheila M. Fisak ("Plaintiff")

3    herein as follows:

### GENERAL DENIAL

5     Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant

6    denies generally and specifically, each and every allegation in Plaintiff's Complaint.

7    Defendant further generally and specifically denies that Plaintiff has been damaged in the

8    sums alleged, or any other sum, or at all, by reason of any act or omission to act on the

9    part of Defendant or any of its agents, servants, employees or representatives. Defendant

10   further denies, generally and specifically, that Plaintiff is entitled to general,

11   compensatory, punitive or other damages, in any amount, by reason of any act or omission

12   on the part of Defendant, or on the part of its agents, servants, employees or

13   representatives.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16   **(Failure to State a Cause of Action)**

17    1.    The Complaint, and each purported cause of action contained therein, is

18   barred in whole or in part by its failure to state facts sufficient to constitute a cause of

19   action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

21   **(Statute of Limitations)**

22    2.    Plaintiff's alleged causes of action are barred in whole or in part by the

23   applicable statute of limitations, including, without limitation California Code of Civil

24   Procedure sections 335.1, 337, 338, 339, 340 and 343, and Business and Professions

25   Code section 17208.

26   ///

27   ///

28   ///

LAS99 1544955-1.020242.0013

-1-

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.   Plaintiff's alleged causes of action are barred in whole or in part by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

4.   Plaintiff, by her conduct, has waived, and is estopped from asserting or enforcing, any claim in the Complaint and each purported cause of action contained therein.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands/*In Pari Delicto*)

5.   Each and every cause of action in the Complaint are barred by Plaintiff's unclean hands and/or the doctrine of *in pari delicto*.

## SIXTH AFFIRMATIVE DEFENSE

### (Conduct of Plaintiff)

6.   Plaintiff is barred from recovery under the Complaint, and each purported cause of action contained therein, because any damages sustained by Plaintiff were caused by her own conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

7.   The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Defendant is entitled to an offset against any purported damages Plaintiff allegedly suffered.

## EIGHTH AFFIRMATIVE DEFENSE

### (Exemption)

8.   The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Plaintiff's work with Defendant is exempt from the wage/hour laws upon which she sues.

LAS99 1544955-1.020242.0013                   - 2 -

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1   ## NINTH AFFIRMATIVE DEFENSE

2   ### (Not Willful)

3   9.   Defendant, at all times relevant to the Complaint, acted in good faith and did

4   not willfully fail to make any payments alleged to be due and payable to Plaintiff.

5   ## TENTH AFFIRMATIVE DEFENSE

6   ### (Failure to Mitigate)

7   10.   Plaintiff has failed to use reasonable care to reduce and minimize as much as

8   reasonably possible the damages, if any, brought about by the acts, events and

9   circumstances alleged in the Complaint; and by such failure to mitigate damages,

10   Plaintiff was the direct and proximate cause of the damages, if any, substantiated by

11   Plaintiff.

12   ## ELEVENTH AFFIRMATIVE DEFENSE

13   ### (Privilege)

14   11.   The alleged actions, statements, and other actionable events attributed to

15   Defendant or its agents, servants, employees, or representatives were absolutely or

16   qualifiedly privileged.

17   ## TWELFTH AFFIRMATIVE DEFENSE

18   ### (Good Faith)

19   12.   Any acts alleged to have been committed by Defendant or any of its agents,

20   servants, employees, or representatives were reasonable and justified under the

21   circumstances, and were based upon fair and honest reasons, regulated by good faith on

22   the part of Defendant, and were not trivial, arbitrary, capricious, unrelated to business

23   needs or goals, or pretextual.

24   ## THIRTEENTH AFFIRMATIVE DEFENSE

25   ### (Failure to State a Cause of Action for Attorneys' Fees and/or Paralegal Fees)

26   13.   Plaintiff has failed to allege a cause of action for which attorneys' fees

27   and/or paralegal fees may be awarded and/or failed to allege facts sufficient to warrant an

28   award of attorneys' fees and/or paralegal fees.

LAS99 1544955-1.020242.0013                    - 3 -

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action for Punitive Damages)

14.    Plaintiff has failed to allege a cause of action for which punitive damages may be awarded and/or failed to allege facts sufficient to warrant an award of punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Violate Constitution)

15.    The imposition of punitive damages in the circumstances of this case would violate the California Constitution and the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

16.    The Complaint, and each of its purported causes of action, is barred in whole or in part by Plaintiff's failure to exhaust and/or pursue internal and/or administrative remedies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

17.    Plaintiff's claims are barred by the doctrine of *res judicata* to the extent that any of the claims alleged in the Complaint have been resolved to final judgment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

18.    Plaintiff's alleged causes of action are barred in whole or in part because the court has no jurisdiction over the subject of the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

19.    Plaintiff lacks standing to pursue the Complaint and each purported cause of action contained therein.

/ / /

/ / /

LAS99 1544955-1.020242.0013

- 4 -

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Full Performance)

20.    Plaintiff's alleged causes of action are barred in whole or in part because Defendant fully performed all obligations required under the alleged contract and Plaintiff accepted such performance in full satisfaction of the contract.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Prevention of Performance)

21.    Plaintiff's alleged causes of action are barred in whole or in part because, to the extent Defendant allegedly failed to perform any obligation under the contract, Defendant's performance under the contract was prevented by the acts of Plaintiff, her agents, employees, or representatives.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Conduct of Others)

22.    Damages, if any, suffered or sustained by Plaintiff were caused by the acts and/or omissions of others over whom Defendant had no control and for which Defendant is not liable or responsible.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Comparative Fault)

23.    All losses, injuries, or damages alleged in the Complaint were proximately caused, in whole or in part, by the acts, omissions, negligence, or wrongdoing of Plaintiff herself and/or of other persons or entities for which Defendant is not responsible or liable, and were not the result of any acts, omissions, negligence, or wrongdoing of any kind whatsoever on the part of Defendant. Defendant's liability, if any, would therefore be apportioned, denied, or reduced accordingly.

///
///
///
///

LAS99 1544955-1.020242.0013

- 5 -

MCDERMOTT WILL & EMERY LLP
ATTORNEY AT LAW
LOS ANGELES

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Novation)

24.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Plaintiff made a new contract which was intended to extinguish any obligations of Defendant under the agreement as pled by Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Lack Of Consideration)

25.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part because the contract alleged in the Complaint was invalid and void because it lacked any consideration.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Statute of Frauds)

26.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part because there was no contract between Defendant and Plaintiff as alleged in the Complaint, and any attempt by Plaintiff to establish the existence of such a contract would violate the Statute of Frauds, including the provision set forth at California Civil Code sections 1624, 1698, and 2794; as well as California Commercial Code section 2201.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Rescission)

27.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part because the contract alleged in the Complaint was rescinded.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Mistake)

28.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Plaintiff is barred from any recovery, or any such recovery should properly be reduced, under the doctrine of unilateral and/or mutual mistake.

1       **TWENTY-NINTH AFFIRMATIVE DEFENSE**

2                      **(Accord and Satisfaction)**

3          29.    The Complaint, and each purported cause of action contained therein, is

4    barred in whole or in part because Plaintiff is barred from any recovery under the

5    doctrine of accord and satisfaction.

6                  **THIRTIETH AFFIRMATIVE DEFENSE**

7                       **(Prior Material Breach)**

8          30.    The Complaint, and each purported cause of action contained therein, is

9    barred in whole or in part because of Plaintiff's own material, uncured breaches of her

10   agreements with Defendant and the implied covenant of good faith and fair dealing

11   contained in those agreements.

12              **THIRTY-FIRST AFFIRMATIVE DEFENSE**

13                          **(Reformation)**

14         31.    The Complaint, and each purported cause of action contained therein, is

15   barred in whole or in part under the doctrine of reformation.

16             **THIRTY-SECOND AFFIRMATIVE DEFENSE**

17                           **(At-Will)**

18         32.    At all times material, Plaintiff was an at-will employee.

19              **THIRTY-THIRD AFFIRMATIVE DEFENSE**

20                    **(Legitimate Business Reasons)**

21         33.    Any action or practice complained of in the Complaint was for legitimate

22   reasons, was job related, and was consistent with business necessity.

23             **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

24                            **(Consent)**

25         34.    Plaintiff is barred from any recovery under the Complaint, and each of its

26   purported causes of action, because Plaintiff consented to the alleged conduct of

27   Defendant.

28

LAS99 1544955-1.020242.0013                           - 7 -

DEFENDANT'S ANSWER TO COMPLAINT
Exhibit B
-36-

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Ordinary Employment Relationship)

35.    Each count or cause of action alleged in the Complaint is barred in whole or in part because all losses, injuries, or damages alleged in the Complaint were suffered during the course of an ordinary employment relationship.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Adequate Investigation)

36.    Any action complained of in the Complaint was the result of an adequate, impartial investigation and was reasonably based on the results thereof.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

37.    Each cause of action alleged in the Complaint is barred because Defendant lacked the requisite intent.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Good Cause)

38.    Defendant's conduct regarding Plaintiff's employment, including but not limited to any demotions, decisions not to promote and/or transfer and/or decision to terminate, were for good cause, and therefore, Plaintiff cannot recover on her claims.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Innocent Mistake)

39.    Each cause of action alleged in the Complaint is barred on the grounds that the alleged acts or omissions of Defendant were committed in ignorance or by reason of innocent mistake.

## FORTIETH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

40.    Plaintiff's claims for damages are barred by the exclusive remedy of Workers' Compensation, California Labor Code Section 3600 *et seq.*

LAS99 1544955-1.020242.0013                    - 8 -

1    Defendant reserves the right to assert additional affirmative defenses in the event

2  investigation and discovery indicate they would be appropriate.

3    WHEREFORE, Defendant prays for judgment on the Complaint as follows:

4    1.    That Plaintiff take nothing by the Complaint;

5    2.    That judgment be entered against Plaintiff and in favor of Defendant;

6    3.    That Defendant be awarded its costs of suit, including reasonable attorneys'

7  fees; and

8    4.    For such other and additional relief as the Court deems just and proper.

9

10  Dated:  April 2, 2008                    McDERMOTT WILL & EMERY LLP

11

12                                          By: _____

13                                          JENNIFER KERCOVICH
                                            Attorneys for Defendant
14                                          CPI CORP.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAS99 1544955-1.020242.0013                    - 9 -

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I, Karen S. Kimura, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2049 Century Park East, Suite 3800, Los Angeles, California  90067-3218.  On April 2, 2008, I served a copy of the within document(s):

DEFENDANT'S ANSWER TO COMPLAINT

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☑  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐  by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Julia E. Haus, Esq.
Julia E. Haus Law Firm
550 West "C" Street, Suite 620
San Diego, CA 92101
Tel: 619-234-0081
Fax: 619-234-0709

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 2, 2008, at Los Angeles, California.

/s/
_____
Karen S. Kimura

LAS99 1545792-1.020242.0013

Exhibit B
-39-

DEFENDANT'S ANSWER TO COMPLAINT

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT C

# EXHIBIT C

**LexisNexis**® *Total Research System*

Switch Client | Preferences | Sign Off | [?] Help

Search \ Research Tasks \ Get a Document \ *Shepard's*® \ Alerts \ Total Litigator \ Transactional Advisor \ Counsel Selector \ ᴰ

Source: Public Records > Find Filings > Jury Verdicts & Experts > Combined Verdicts, Settlements and Expert Directories [i]
Terms: **czarnik and illumina** (Edit Search | Suggest Terms for My Search)

*LexisNexis Jury Verdicts and Settlements Report ()*

Copyright LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlements Report

Mealey's Jury Verdicts & Settlements 6

**HEADLINE:**  Scientist Awarded More Than $7.5M In Employment Discrimination Action

**Case Name:**  Anthony W. **Czarnik** v. **Illumina,** Inc.

**Case Number:**  GIC763972

**Court:**  Calif. Super., San Diego Co.

**Judge:**  Ronald S. Prager

**Verdict/Settlement (breakdown):**  $7.5 million-plus plaintiff verdict

**Plaintiff(s):**  Anthony W. **Czarnik**

**Defendant(s):**  **Illumina** Inc.

**Claim:**  Disability discrimination, retaliation, wrongful discharge

**Background:**  In early 1998, Anthony **Czarnik** joined two others as the founding managers of a company that later became **Illumina,** whose business was to develop commercial applications for promising micro array technology. **Czarnik was Illumina's** most highly compensated employee, with a gross monthly salary of $15,417. Over the course of the next several months, **Czarnik,** who had been diagnosed with severe clinical depression resulting from a genetic problem, began experiencing symptoms of his illness that affected his work. On Sept. 5, 2000, **Czarnik** was terminated for not meeting performance goals. He was also told that if he told anyone outside the company about a recent problem that may have compromised the integrity of a decoding experiment, the company "will go after you with everything it has." **Illumina's** human resources manager immediately escorted **Czarnik** out of the building. A week later, **Czarnik** received a $4,516.67 check from **Illumina** for the repurchase of **Czarnik's** unvested shares of company stock, which at the time had a fair market value of $10 million. **Czarnik** brought this action in the San Diego County Superior Court, alleging disability discrimination and retaliation in violation of the California Fair Employment and Housing Act, California Government Code Section 12900, et seq., and wrongful discharge in violation of public policy.

**Other:**  The jury found that Anthony **Czarnik** had suffered $2,196,935 in damages as a result of **Illumina's** misconduct. The jury also found that **Illumina** was motivated by malice, fraud, and oppression and awarded **Czarnik** $5 million in punitive damages. After **Illumina** unsuccessfully sought judgment notwithstanding the verdict and a new trial, the parties stipulated that **Czarnik** was entitled to recover $325,000 in attorney fees. On appeal, the Fourth District California Court of Appeal, Division One, modified the judgment so as to reduce the punitive damage award to $2,196,935.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 7/19/2007

Exhibit C
-40-

Source: <u>Public Records</u> > <u>Find Filings</u> > <u>Jury Verdicts & Experts</u> > **Combined Verdicts, Settlements and Expert Directories** ⓘ
Terms: **czarnik and illumina** (<u>Edit Search</u> | <u>Suggest Terms for My Search</u>)
View: Full
Date/Time: Thursday, April 3, 2008 - 1:08 PM EDT

<u>Search</u> | <u>Research Tasks</u> | <u>Get a Document</u> | *<u>Shepard's</u>®* | <u>Alerts</u> | <u>Total Litigator</u> | <u>Transactional Advisor</u> | <u>Counsel Selector</u>
<u>History</u> | <u>Delivery Manager</u> | <u>Dossier</u> | <u>Switch Client</u> | <u>Preferences</u> | <u>Sign Off</u> | <u>Help</u>

**LexisNexis**®    <u>About LexisNexis</u>  |  <u>Terms & Conditions</u>  |  <u>Contact Us</u>
<u>Copyright ©</u>  2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Exhibit C
-41-

# EXHIBIT D

**LexisNexis** *Total Research System*                          Switch Client | Preferences | Sign Off | [?] Help

Search \ Research Tasks \ Get a Document \ Shepard's® \ Alerts \ Total Litigator \ Transactional Advisor \ Counsel Selector \ Dr

Source: Public Records > Find Filings > Jury Verdicts & Experts > Combined Verdicts, Settlements and Expert Directories [i]
Terms: jacobs and chertoff  (Edit Search | Suggest Terms for My Search)

*LexisNexis Jury Verdicts and Settlements Report (2007)*

Copyright 2007 LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlements Report

2007 Mealey's Jury Verdicts & Settlements 1616

**HEADLINE:**  California Jury Awards Employee $452,000 In Discrimination, Retaliation Dispute With
Department Of Homeland Security

**Case Name:**  Lee **Jacobs** v. Michael **Chertoff**

**Case Number:**  3: 05-cv-00821-H-NLS

**Court:**  S.D. Calif.

**Judge:**  Marilyn L. Huff

**Verdict/Settlement (breakdown):**  $452,000 plaintiff verdict ($300,000 for damages, $102,000 for lost
retirement benefits, $50,000 for back pay)

**Plaintiff(s):**  Lee **Jacobs**

**Defendant(s):**  Michael **Chertoff,** secretary, Department of Homeland Security, Immigration and
Customs Enforcement

**Date:**  April 30, 2007

**Claim:**  Discrimination, failure to accommodate, retaliation

**Defense:**  Liability denied.

**Background:**  Lee **Jacobs** is a criminal investigator, senior special agent, for the U.S. Department of
Homeland Security, U.S. Customs Services, for which he has worked since 1987. **Jacobs** suffers from
musculoskeletal disabilities as a result of his service in the U.S. Marine Corps and U.S. Army. His disabilities
limit activities including sitting, running, standing, bending, riding in vehicles with jarring motions,
swimming, bending and lifting.In October 1998, **Jacobs** was assigned to work under the supervision of the
resident agent in charge in San Ysidro, Calif. (RAIC/SY). After **Jacobs** began work in San Ysidro, he learned
that the RAIC/SY had had an affair with a female subordinate employee and that he was attempting to date
several other female subordinate employees in the office.Around Christmas 1999, a female probationary
employee told **Jacobs** that the RAIC/SY had asked her out on a date, which made her uncomfortable and
wary of the repercussions if she refused. **Jacobs** did not agree with the RAIC/SY's behavior, and between
January and March 2000, he reported and opposed the conduct to four superiors. A fifth supervisor, Walter
Collette, became involved as well, and in April 2000, Collette was made RAIC/SY.On July 1, 2000, Collette
and group supervisor Michael Flax assigned **Jacobs** - out of 80 available agents - to a six-month Air Marine
Interdiction Division (AMID) detail, which involved significant physical risk of injury from jumping in and out
of high-speed boats. **Jacobs** alleged that Collette and Flax refused his request to be excused from the
detail in light of his physical disabilities. In September 2000, **Jacobs** further injured his spine while
manning a patrol boat.**Jacobs** initiated contact with an Equal Employment Opportunity counselor, and on
Nov. 20, 2000, sent a letter to the U.S. Customs Harassment Task Force, setting forth his allegation about
his assignment to the AMID detail. An investigation commenced.On Jan. 18, 2001, Flax issued a critical
letter of caution to **Jacobs** regarding his job performance. **Jacobs** claimed that the allegations in the letter
were false.In spring 2001, **Jacobs** was to receive word about a promotion he had applied for the year

before. On April 26, 2001, he was informed that his application had not been forwarded to the proper authorities but that he would receive priority consideration for promotion in the future. **Jacobs** was not selected for the position, and a written statement explaining the reasons included **Jacobs'** absences from AMID (which were caused by his injuries sustained during the detail) and the Jan. 18, 2001, letter of caution. **Jacobs** alleged that because of his opposition of the former RAIC/SY's treatment of subordinate female employees, he was assigned the AMID detail, despite his physical condition. **Jacobs** further alleged that his superiors failed to accommodate his disability by refusing to remove him from the detail. **Jacobs** also claimed that he was wrongfully denied the promotion. **Jacobs** sued Michael **Chertoff**, secretary, Department of Homeland Security, Immigration and Customs Enforcement, in the U.S District Court for the Southern District of California on April 18, 2005, claiming discrimination, failure to accommodate and retaliation.

**Plaintiff Experts:**  David Greenwald, M.D., treating physician, Encinitas, Calif.; Andrew G. Israel, M.D., treating physician, San Diego; Raymond Vance, M.D., San Diego

**Other:**  A jury ruled in favor of **Jacobs** on April 30, 2007, concluding that his supervisors assigned him the AMID detail and neglected to promote him as retaliation for reporting sexual harassment. The jury also decided that **Jacobs'** supervisors failed to accommodate his disability by not removing him from the AMID detail. Subsequently, the jury awarded **Jacobs** $350,000 in damages in regard to the AMID assignment, $200,000 in damages for the 2001 denial of promotion, $102,000 in lost retirement benefits and $50,000 in back pay. On May 7, 2007, Judge Marilyn L. Huff granted the defendant's motion for remittitur, which argued that the $350,000 in damages for the AMID assignment and the $200,000 in damages due to denial of a promotion are nonpecuniary damages and should therefore be reduced by the court to $300,000. A May 25, 2007, order granted **Jacobs** the recovery of funds from **Chertoff** for attorney fees in the amount of $300,000 and costs in the amount of $25,175.92.

**Plaintiff Attorneys:**  Thomas Lee Tosdal and Angela Mee Jae, Tosdal, Smith, Steiner and Wax, San Diego

**Defense Attorneys:**  Beth Clukey, U.S. Attorney's Office, Southern District of California, San Diego

**Key Related Documents:**  Judgment available. Document #99-070605-043R.
Special verdict form available. Document #99-070605-044V.
Jury instructions available. Document #99-070605-046J.
Order granting motion for remittitur available. Document #99-070605-047R.
**Chertoff** trial brief available. Document #99-070605-048B.
**Jacobs** trial brief available. Document #99-070605-049B.
**Jacobs** witness list available. Document #99-070605-050E.
Complaint available. Document #99-070605-052C.
Answer to complaint available. Document #99-070605-051W.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 6/13/2007

Source:  Public Records > Find Filings > Jury Verdicts & Experts > Combined Verdicts, Settlements and Expert Directories ⓘ
Terms:  jacobs and chertoff  (Edit Search | Suggest Terms for My Search)
View:  Full
Date/Time:  Thursday, April 3, 2008 - 1:09 PM EDT

 **LexisNexis®** About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

PROOF OF SERVICE BY MAIL
FRCP 5(b)(1)(C)
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, 38th Floor, Los Angeles, California 90067-3218.

On **April 3, 2008**, I served the foregoing documents described as **NOTICE OF REMOVAL 28 U.S.C. § 1441 [DIVERSITY]** on the interested parties of record in the action by:

☐ placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☒ placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows: document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Julia E. Haus
JULIA E. HAUS LAW FIRM
550 West "C" Street, Suite 620
San Diego, California 92101

☒ **BY MAIL**

☐ I deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☒ I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **April 3, 2008**, at Los Angeles, California.

Felecia J. McClendon



JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
SHEILA M. FISAK

## DEFENDANTS
CPI CORPORATION, a Missouri corporation, dba
SEARS PORTRAIT STUDIO; and DOES 1 through 20,
inclusive

**'08 CV 0612 W LSP**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Missouri
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Julia E. Haus Law Firm
550 West "C" Street
Suite 620
San Diego, California 92101
Telephone:  619.234.0081

ATTORNEYS (IF KNOWN)
McDermott Will & Emery LLP
2049 Century Park East
Suite 3800
Los Angeles, California 90067-3218
Telephone: 310.277.4110

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR
(For Diversity Cases Only)           PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)   Damages, injunctive relief and restitution for failure to pay
overtime wages, failure to provide meal and periods, failure to comply with itemized employee wage statement
provisions, violations of unfair competition law (matter in conversy exceeds $75,000).

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Medical Malpractice | ☐ 625 Drug Related | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | Seizure of | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational | | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 370 Other Fraud | Safety/Health | **SOCIAL SECURITY** | Exchange |
| of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor | ☐ 863 DIWC/DIWW | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | Standards Act | (405(g)) | ☐ 892 Economic Stabilization |
| | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate | Reporting & | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | or Defendant) | Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | Determination Under |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | Equal Access to Justice |
| | | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of |
| | | ☐ 555 Prison Conditions | | | State Statutes |
| | | | | | ☒ 890 Other Statutory Actions |

## VI.  ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removal from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VII.  REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23
DEMAND $  Exceeds 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S)  (See instructions):
IF ANY
JUDGE _____  Docket Number _____

DATE
April 3, 2008

SIGNATURE OF ATTORNEY OF RECORD
Jennifer C. Fercovich

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

#149383     $350     ID    4/3/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 149383    — KD**

**April 03, 2008
14:20:31**

**Civ Fil Non-Pris**
USAO #.: 08CV0612
Judge..: THOMAS J WHELAN
Amount.:                    $350.00 CK
Check#.: BC 13809

**Total—>  $350.00**

FROM: CIVIL FILING
   . FISAK V. CPI CORP., ET AL